# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## D. B. Campbell v. W. H. McCleary, Appellant.

*Sheriff's sale—Distribution—Act of April* 10, 1862.

Under the act of April 10, 1862, P. L. 364, the sheriff has no right to report a schedule of distribution of the proceeds of sale, except according to the list of liens on property sold as certified by the proper officers; and if he fails to report a schedule in accordance with such list, whether intentionally or by mistake, the act of the court in confirming it, is not conclusive, and the sheriff is liable to the party injured, notwithstanding the confirmation of the report.

Argued Nov. 7, 1894. Appeal, No. 262, Oct. T., 1894, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1894, No. 648, on case stated in favor of plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine liability of sheriff for wrongful distribution of proceeds of sheriff's sale.

From the case stated it appeared that defendant was the sheriff of Allegheny county. In 1893, he sold the real estate of Simon Studle, the defendant in an execution. A schedule of distribution was confirmed by the court.

Plaintiff was a mortgage creditor of Simon Studle, and his mortgage appeared upon the list of mortgages as certified to

the sheriff, and this mortgage was divested by the sheriff's sale and was entitled to the sum of $449.32 out of the proceeds of the sale. The sheriff, however, being under the impression that the mortgage was not divested by the sale,. did not appropriate any moneys to the Campbell mortgage, but appropriated this sum to the lien of A. J. Scott, upon which the execution was issued and sale made, although Scott's lien was subsequent to that of Campbell. After the money was paid out by the sheriff, Campbell demanded payment from the sheriff, which was refused, and this suit was brought by Campbell against the sheriff.

The court entered judgment for plaintiff on the case stated, in the following opinion by STOWE, P. J.:

" It seems to me that the sheriff has no right, under the act of April 10, 1862, to report a schedule of distribution of the proceeds of sale, except according to the list of liens on property sold, as certified by the proper officers. And if he fails to report a schedule in accordance with such list, whether intentionally or by mistake, the act of the court in confirming it shall not be conclusive.

" It is his duty to report according to the liens. If, having done so, the distribution should be questioned, then the court shall proceed to hear and determine the exceptions taken to the sheriff's report of distribution, as provided by act of June 16, 1836, in case of disputes as to the distribution of the proceeds of sheriffs' sales.

" The purpose of the act seems to be to relieve the sheriff from personal liability when he has made distribution according to the liens filed. Having done that, his skirts are clear. He has no power to adjudge any dispute as to the questions which may arise outside the liens themselves. He must take the liens as they are reported to him as the basis of his report, and if he fails to do that, and loss arises to any person actually entitled to the fund thus improperly distributed, I think he is held liable as in other cases when he undertakes to make distribution.

" The suggestion that the act of the court in confirming the report is conclusive is plausible, but does not seem to me well founded. The act only gives the sheriff the right to report a schedule according to the liens: the power of the court is

limited to confirming such report, and if the court confirms a report of distribution not so made, I do not think its act relieves the sheriff.

"The very foundation of the right of the sheriff to relieve himself from liability has failed, because he has not made distribution as required by the act of assembly, and the proceeding is coram non judice."

*Error assigned* was entry of judgment as above.

*R. B. Petty*, for appellant.—All the sheriff had to do was to obey the command of the writ, and bring the moneys into court; he need not incur any responsibility of distribution: Borlin's Ap., 9 W. N. 545; Com. v. Walter, 99 Pa. 181.

Where a power for public purposes is conferred a duty arises to execute that power: Endlich, Stat. § 511; Supervisors v. U. S., 4 Wall. 435; Minor v. Bank, 1 Peters, 46; Mason v. Fearson, 9 How. 248; New York v. Furz, 3 Hill, 612; Bell v. Caldwell, 107 Pa. 48; Hamilton v. Pittsburg, 34 Pa. 513.

Creditors cannot claim want of notice of the distribution. It is a proceeding in rem: Freeman on Judgments, § 606; Ennis v. Smith, 14 How. 430; Lex's Ap., 97 Pa. 289; Finney's Ap., 3 Pa. 312.

A judgment or decree cannot be collateraly impeached: Black on Judgments, §§ 246, 261; Com. v. Steacy, 100 Pa. 613; Billings v. May, 23 Pa. 192; Yaple v. Titus, 41 Pa. 195; Noble v. Cope's Admrs., 50 Pa. 17; Rutty's Ap., 84 Pa. 61; United States v. Arredondo, 6 Peters, 729.

The provision that the schedule shall be made in accordance with the list of liens is only directory: Magee v. Com., 46 Pa. 358; Bladen v. Phila., 60 Pa. 466; Pittsburg v. Com., 74 Pa. 400; Act of June 16, 1836, P. L. 777.

*John G. MacConnell*, for appellee.—The act of confirmation of an incorrect report made by the sheriff, not made in accordance with the directions and commands of the act, will not be held to be conclusive upon the party injured.

In the absence of notice to the contrary, the sheriff has a right to distribute the proceeds of his sale, but he does so at his own risk: Franklin Twp. v. Osler, 91 Pa. 160; Bastean's Case 90 Pa. 472; Com. v. Walter, 99 Pa. 181.

The act of April 20, 1846, is a general act, whilst that of April 10, 1862, is a special act applicable to Allegheny county, and being for the relief of the sheriff it should be construed more strictly against him than in the case of a general act.

PER CURIAM, Jan. 7, 1895:

There was no error in entering judgment for the plaintiff on the case stated. All that is necessary to be said on the question involved will be found in the clear and concise opinion of the learned president of the court below; and on it we affirm the judgment.

Judgment affirmed.